Marshall, Ch. J.,
delivered the opinion of the court, to the following effect: — The court is of opinion, according to the best consideration they have been able to give the subject, that this *case is-not within the act of congress of 1798, usually called the non-intercourse law.
It is contended by the counsel for the defendant, that the circumstances-stated in the special verdict, do not show an absolute necessity for the trading therein described. And it is said, the plaintiff might have abandoned, the property, and sought redress of his government; and that it was his, duty to do so, rather than violate the laws of his country. But the court is of opinion, that the act of congress did not impose such terms upon a person who was forced by stress of weather to enter a French port, and land his cargo, and was prevented by the public officers of that port torelade and carry it away. Even if an actual and general war had existed between this country and France, and the plaintiff had been driven into a French port, a part of his cargo seized, and he had been permitted by the-officers of the port to sell the residue, and purchase a new cargo, I am of opinion, that it would not have been deemed such a traffic with the enemy, as would vitiate the policy upon such new cargo. The terms of the act of congress seem to imply an intentional offence on the part of the owners.
The case put, of a French agent going to the Havana, and there purchasing the cargo for the use of the French government, under a preconcert with the owners, would certainly be an offence against the law; but when there is no such intention ; when the vessel has been absolutely forced,, by stress of weather, to go into a French port, and land her cargo; when part has been seized for the use of the government of France, and the master has been forbidden by the public officers of the port to relade the residue, and to sell it for any thing valuable, except the produce of the country;. the mere taking away such produce, cannot be deemed such a traffic as is-contemplated by the act of congress.
Judgment affirmed, with costs. (a)

 See the opinion of the supreme court of New-York, in this case, in 1 Caines' Rep. 64, and that of the High Court for the Trial of Impeachments and Correction of Errors, in the State of New York, delivered by Lansing, Chancellor, in 1 Caines’ Cases in Error, p. 43.